UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JAMES E. WILLIAMS, )
 )
    Petitioner, )
 )
v. ) No.: 4:98-cv-24-TAV
 )
DOUG COOK, WARDEN,[1] )
 )
    Respondent. )

**MEMORANDUM AND ORDER**

    James E. Williams ("Petitioner") filed a motion pursuant to 28 U.S.C. § 2254 seeking to vacate, set aside, or correct the sentence entered in his criminal case [Doc. 1], which the Court denied on April 27, 1998 [Docs. 3, 4]. Presently before the Court is Petitioner's motion requesting relief from judgment or order [Doc. 6]. For the reasons explained below, Petitioner's motion is DENIED.

**I.    Procedural History[2]**

    On November 9, 1987, Petitioner was convicted of armed robbery, assault with intent to commit first degree murder, and aggravated kidnapping. He was sentenced to life plus fifty years plus twenty-five years. His convictions were affirmed on direct appeal, and the Tennessee Supreme Court denied Petitioner's application for permission to appeal on April 3, 1989. *State v. Williams*, No. 88-172-III, 1998 WL 138843 (Tenn. Crim. App. Dec. 30, 1998), *perm. app. denied*, *id.* (Tenn. April 3, 1998). Petitioner's first state post-conviction petition was denied on

---

    [1] Warden Doug Cook replaced James Bowlen as Warden of Bledsoe County Correctional Complex. Accordingly, the Clerk is **DIRECTED** to change the name of the Respondent to Doug Cook on the Court's CM/ECF docket sheet.

    [2] The Court assumes familiarity with Petitioner's case and only discusses the procedural and factual background as it is relevant to the motion currently before the Court.

the merits. *Williams v. State*, No. 01C019004CC00096, 1990 WL 209184 (Tenn. Crim. App. Dec. 20, 1990).

The trial court dismissed his second post-conviction petition on the grounds that the petition was barred by the three-year statute of limitation, that all issues had been previously determined or waived, and the allegations of the petition lacked merit. The Tennessee Court of Criminal Appeals affirmed. *Williams v. State*, No. 01C01-9402-CC-00064, 1994 WL 672579 (Tenn. Crim. App. Dec. 1, 1994), *perm. app. denied, id.* (Tenn. March 27, 1995).

Petitioner filed a federal habeas corpus petition pursuant to 28 U.S.C. § 2254 on April 14, 1998. The § 2254 motion was denied by this Court for being barred by the statute of limitations.

## II.    Federal Rule of Civil Procedure 60(b)

On October 31, 2014, Petitioner filed a motion requesting relief from judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure [Doc. 6]. Rule 60(b) allows a party to seek relief from a final judgment and request reopening of his case under a limited set of circumstances including fraud, mistake, and newly discovered evidence. Rule 60(b)(6), the particular provision under which Petitioner brought his motion, permits reopening when the movant shows "any. . . reason justifying relief from the operation of the judgment" other than the more specific circumstances set out in Rule 60(b)(1)–(5). See *Liljebery v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1998).[3]

---

[3] Petitioner states that he "requests this Honorable Court to grant relief from the state court's judgment or order" because "the state court refuses to hear any petitions or writs filed" [Doc. 6 p. 1]. This Court finds that a Rule 60(b) motion is not the appropriate avenue for Petitioner's requests. Rather, based on the content of Petitioner's motion, the Court interprets his motion as an attempt to request relief from this Court's ruling on the previously filed 28 U.S.C. § 2254.

2

In his § 2254 petition Petitioner alleged ineffective assistance of counsel based on "his attorney's failure to communicate a favorable plea agreement to him" [Doc. 6 p. 3]. Due to the statute of limitations during which a petitioner has to file such a claim, Petitioner's § 2254 was denied. In his Rule 60(b) motion, Petitioner cites to the Supreme Court rulings of *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) and *Trevino v. Thaler*, 133 S.Ct. 1911, 185 L.Ed.2d 1044 (2013), asserting that this alleged ineffective assistance of counsel "is cause to overcome the procedural defaulted claim . . . " [*Id.*].

### A. Relief Under *Martinez* and *Trevino*

*Martinez* effected a change in decisional law in that it created a "narrow exception" to the general rule of *Coleman v. Thompson*, 501 U.S. 722 (1991). The general rule from *Coleman* states that a habeas petitioner cannot use ineffective assistance of collateral review counsel as cause to excuse a procedural default. *Id.* at 756–57. The *Martinez* exception, however, provides that where a state's procedural law requires claims of ineffective assistance of counsel to be raised in an initial-review collateral proceeding, a procedural default will not bar a habeas court from hearing a substantial claim of ineffective assistance of counsel, if in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective. *Martinez*, 132 S. Ct. at 1320. A year later, the Supreme Court expanded the *Martinez* exception to cases where a "state['s] procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of counsel on direct appeal . . ." *Trevino*, 133 S. Ct. at 1921. The Sixth Circuit subsequently ruled this exception applicable to Tennessee. *See Sutton v. Carpenter*, 745 F.3d 787, 795–96 (6th Cir. 2014).

3

### B. Analysis

After reviewing the pleadings, the applicable law, and the habeas record in this case, the Court is not persuaded that Petitioner has shown the "exceptional circumstances" required for Rule 60(b)(6) relief.

As previously stated, the Court interprets Petitioner's Rule 60(b) motion to request relief from this Court's April 1998 judgment denying his habeas corpus petition [Doc. 4]. It appears that Petitioner seeks to reopen proceedings on his claim that he received ineffective assistance of counsel because trial counsel failed to communicate a favorable plea deal to him. Specifically, Petitioner states that "the District Attorney made a plea offer but trial counsel never told [him] of the offer" [Doc. 6 p. 2]. Petitioner argues that because this Court denied his § 2254 motion as time-barred, "his claims have not been resolved upon the merits" and he has been denied the opportunity to present or develop his claim [*Id*. at 4].

As an initial matter, the Court finds that *Martinez* is inapplicable to Petitioner's claims. The narrow exception created in *Martinez* allows a petitioner to seek review of a previously defaulted ineffective assistance of trial counsel claim because of an ineffective initial collateral review counsel. *See generally*, *Martinez*, 132 S.Ct. 1309. This exception does not, however, allow a petitioner to overcome a statute of limitations bar.

Also, Petitioner has not presented the Courts with any additional facts that constitute "extraordinary circumstances" entitling him to a retrial due to F.R.C.P. 60(b)(6). Petitioner's mere reference to *Martinez*'s "narrow exception" to the general rule of *Coleman* fails to amount to "extraordinary circumstances" warranting relief.

4

### III. Conclusion

For the above reasons, Petitioner's motion requesting relief from judgment or order [Doc. 6] is **DENIED**.

### IV. Certificate of Appealability

The Court must consider whether to issue a Certificate of Appealability ("COA"), should Petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c), a petitioner may appeal a final order in a habeas proceeding only if he is issued a COA, and a COA may only be issued where a Petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). Where a claim has been dismissed on the merits, a substantial showing is made if reasonable jurists could conclude that the issues raised are adequate to deserve further review. *See Miller-El v. Cockrell*, 537 U.S. 322, 327, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a claim has been dismissed on procedural grounds, a substantial showing is demonstrated when it is shown that reasonable jurists would debate whether a valid claim has been stated and whether the court's procedural ruling is correct. *Slack*, 529 U.S. at 484.

After review of Petitioner's claim, the Court finds that reasonable jurists could not conclude that Petitioner's claim is adequate to deserve further review, nor would reasonable jurists debate the correctness of the Court's procedural ruling. As such, because Petitioner has failed to make a substantial showing of the denial of a constitutional right, a COA will not issue.

**IT IS SO ORDERED.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE